UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Class Action on behalf of all prisoners at T.R.C.I., | ) C/A No.: 9:10-1934-TLW-BM )|
| Plaintiff, | ) ) |
| vs. | ) ) |
| Jon Ozmint, Agency Director; Anne Hall, Central Grievance Dir., Headquarters; Warden Timothy Riley, T.R.C.I.; Jerry C. Alexander, Captain, T.R.C.I.; Gary Lane, Assoc. Warden, T.R.C.I.; Laura Caldwell, Assoc. Warden, T.R.C.I.; D. Maness, Mailroom Director, T.R.C.I.; and all involved parties in their individual official capacities, under color of state law, | ) Report and Recommendation ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

This is a civil action filed, purportedly as a "class action", by twenty-four (24) prisoners at the Tyger River Correctional Institution (TRCI). The "class" seeks to proceed *pro se* pursuant to 42 U.S.C. § 1983, and alleges violations of the constitutional rights of prisoners at TRCI. Declaratory and injunctive relief, as well as monetary damages, are requested.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, the Prison Litigation Reform Act, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); and *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.), and a federal district court is charged with liberally

construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972); *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2nd Cir. 1975). However, even when considered under this less stringent standard, the undersigned finds and concluded that the complaint submitted in the above-captioned case is subject to summary dismissal.

As noted, this case is captioned as a "class action on behalf of all prisoners at T.R.C.I.." No individual plaintiffs or defendants are listed in the caption of the complaint form, and the line usually reserved for a signature says "see attached for signatures of class," referring to a separate page, not part of the standard complaint form, which lists 24 signatures. No other information is on the separate page of signatures, but the page is attached to the documents which were submitted to the court for filing. On the third page of the complaint form, it says " [t]his suit is a class action, all constitutional violations mentioned in the attached documents and claims affect all prisoners housed at T.R.C.I.." The names of some of the defendants are also listed on the third page of the complaint form, with all of the Defendants being set forth on a separate handwritten "Complaint for Prisoners Conditions of Confinement", which is attached to the standard complaint form. There is no other information on the complaint form except for the relief requested. A long attachment to the complaint form lists numerous conditions of confinement at TRCI, which are allegedly in violation of the Constitution.

The Fourth Circuit has held that "the competence of a layman representing himself" is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)(holding that a prisoner, proceeding *pro se*, cannot represent other prisoners in a class action). *See also Hummer v. Dalton*, 657 F.2d 621, 623 n. 2, 625-626 (4th Cir. 1981)(suit is

2

"confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). Therefore, as the prisoners who signed the complaint form may not bring a class action lawsuit on behalf of their fellow inmates at TRCI, this case is subject to dismissal.

Further, even if these prisoners just wanted to proceed for themselves, and not as "class" representative of all prisoners at TRCI, this case would still be subject to dismissal. Because all signatories are prisoners, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), applies to this case. The PLRA places "some rather substantial limitations on a prisoner's ability to initiate a civil action;" *Green v. Young*, 454 F.3d 405, 406 (4th Cir. 2006).; while the screening provision of 28 U.S.C. § 1915A(a) requires review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and allows for *sua sponte* dismissal in specified circumstances.

In applying PLRA provisions to this case, the first question to be addressed is whether multiple plaintiffs can even proceed in a single case under that statute. While the Fourth Circuit has not addressed the issue of payment of fees in a case filed by multiple plaintiffs subject to the PLRA, various other federal courts have. *See Burke v. Helman*, 208 F.R.D. 246 (C.D. Illinois 2002)(collecting cases). In *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), the United States Court of Appeals for the Eleventh Circuit held that multiple prisoners may not join in one action or one appeal.

Additionally, many of the claims asserted in the Complaint are unique to a particular prisoner, and cannot be asserted collectively. Any damages, if awarded, would also need to be determined individually. Furthermore, the court may be presented with a situation where some of the prisoners who signed the pleading have complied with the exhaustion requirement of the PLRA



3

while others have not. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"). Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of administrative remedies by one prisoner does not meet the exhaustion requirement for all of the plaintiffs. Each individual plaintiff is required to comply with the exhaustion requirement. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002)(exhaustion is required in all actions brought with respect to prison conditions); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)(PLRA makes "proper" exhaustion mandatory). As a result, each prisoners' claims will require individualized determinations.

Consequently, it is RECOMMENDED that this matter be dismissed for the reasons outlined above. Each prisoner who signed the "class action" filing may contact the Clerk of Court, 901 Richland Street, Columbia, SC 29201 to obtain a civil rights packet if they wish to file a civil rights suit pertaining to claims which effect them individually.

Finally, under General Order, *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007), in order "to proceed beyond initial filing in this District Court, a prisoner either must pay the full filing fee or file the appropriate financial paperwork to proceed *in forma pauperis* under 28 U.S.C. § 1915." Since the undersigned has determined that, given the "class action" posture of this case, no individual is entitled to proceed beyond the initial filing, it is further recommended that the filing fee in this matter be suspended. The suspension of the filing fee in this matter is recommended in order to avoid collection of a second filing fee, in the interests of justice and judicial economy, because this matter has not been



4

reviewed on the merits or proceeded to judgment, and in order to avoid any potential violation of 28 U.S.C. §1914(b), which directs the Clerk of Court to collect from parties additional fees only as prescribed by the Judicial Conference. Any prisoner who chooses to file a lawsuit will be required to pay the full filing fee or file the appropriate paperwork to proceed *in forma pauperis*.

Bristow Marchant
United States Magistrate Judge

August 16, 2010

Charleston, South Carolina

*See the important NOTICE on the next page.*



5

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

